UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:10-CR-402-T-35TBM

JACINTO ENRIQUE BAEZ-BAEZ

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley III, Acting United States Attorney for the Middle District of Florida,

and the defendant, Jacinto Enrique Baez-Baez, and the attorney for the

defendant, Jeffrey G. Brown, Esquire, mutually agree as follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the

Indictment.  Count Two charges the defendant with conspiracy to possess with

intent to distribute five (5) kilograms or more of cocaine while on board a vessel

subject to the jurisdiction of the United States, in violation of Title 46, United

States Code, Sections 70503(a) and 70506(a) and (b) and Title 21, United

States Code, Section 960(b)(1)(B)(ii).

Defendant's Initials _JEBB_                        AF Approval

2.      Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of 10 years up to life, a fine of $10,000,000.00, a term of supervised release of at least 5 years, and a special assessment of $100, said special assessment to be due on the date of sentencing.

3.      Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum sentence of life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty:

The object of the unlawful agreement was to possess with intent to distribute five or more kilograms of cocaine.

4.      Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:      That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment; and

Second:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it.

Defendant's Initials  $JEBB$           2

5.     Counts Dismissed

At the time of sentencing, the remaining count against the defendant, Count One, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

6.     No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.     Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement.  The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials  _JEBB_               3

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted,

Defendant's Initials _JE BB_          4

the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court.  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.  If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both.

Defendant's Initials  JEBB          5

If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b).  In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

12.   Cooperation - Responsibilities of Parties

a.   The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent

Defendant's Initials  _JEBB_                6

by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

        b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

        (1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

        (2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement.  With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by

Defendant's Initials _JEBB_        7

imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the

Defendant's Initials  JEBB                  8

instant case but, in that event, defendant will be entitled to the sentencing

limitations, if any, set forth in this plea agreement, with regard to those counts to

which the defendant has pled; or in the alternative, at the option of the United

States, the United States may move the Court to declare this entire plea

agreement null and void.

    13.   Forfeiture of Assets

        The defendant agrees to forfeit to the United States immediately

and voluntarily any and all assets and property, or portions thereof, subject to

forfeiture, pursuant to 46 U.S.C. § 70507, 21 U.S.C. §§ 853, 881(a), and 970,

and 28 U.S.C. § 2461(c), whether in the possession or control of the United

States, the defendant, or the defendant's nominees.

        The defendant agrees and consents to the forfeiture of these

assets pursuant to any federal criminal, civil judicial or administrative forfeiture

action.  The defendant also hereby agrees to waive all constitutional, statutory,

and procedural challenges in any manner (including direct appeal, habeas

corpus, or any other means) to any forfeiture carried out in accordance with this

Plea Agreement on any grounds, including that the forfeiture described herein

constitutes an excessive fine, or was not properly noticed in the charging

instrument, addressed by the Court at the time of the guilty plea, announced at

sentencing, or incorporated into the judgment.

Defendant's Initials _JEBB_        9

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.  Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that at the time of accepting this plea agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense to which the defendant is pleading guilty and enter a preliminary order of forfeiture.  Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after

Defendant's Initials _JEBB_          10

sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Court shall retain jurisdiction to settle any disputes arising from

Defendant's Initials JEBB          11

application of this clause.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

B.    **Standard Terms and Conditions**

1.    Special Assessment and Fine

On the count to which a plea of guilty is entered, the Court shall impose a special assessment of $100.00, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials JEBB          12

conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees

Defendant's Initials _JEBB_             13

to execute any documents requested by the United States needed to obtain from

any third parties any records of assets owned by the defendant, directly or

through a nominee, and, by the execution of this Plea Agreement, consents to

the release of the defendant's tax returns for the previous five years.  The

defendant similarly agrees and authorizes the United States Attorney's Office to

provide to, and obtain from, the United States Probation Office, the financial

affidavit, any of the defendant's federal, state, and local tax returns, bank records

and any other financial information concerning the defendant, for the purpose of

making any recommendations to the Court and for collecting any assessments,

fines, restitution, or forfeiture ordered by the Court.  The defendant expressly

authorizes the United States Attorney's Office to obtain current credit reports in

order to evaluate the defendant's ability to satisfy any financial obligation

imposed by the Court.

     5.     <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to

nor bound by this agreement.  The Court may accept or reject the agreement, or

defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office.  The defendant

understands and acknowledges that, although the parties are permitted to make

recommendations and present arguments to the Court, the sentence will be

determined solely by the Court, with the assistance of the United States

Defendant's Initials _JEBB_        14

Probation Office.  Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or other

agents for the government regarding any recommendations by the government

are not binding on the Court and that, should any recommendations be rejected,

defendant will not be permitted to withdraw defendant's plea pursuant to this plea

agreement.  The government expressly reserves the right to support and defend

any decision that the Court may make with regard to the defendant's sentence,

whether or not such decision is consistent with the government's

recommendations contained herein.

     6.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

     The defendant agrees that this Court has jurisdiction and authority

to impose any sentence up to the statutory maximum and expressly waives the

right to appeal defendant's sentence on any ground, including the ground that

the Court erred in determining the applicable guidelines range pursuant to the

United States Sentencing Guidelines, except (a) the ground that the sentence

exceeds the defendant's applicable guidelines range <u>as determined by the Court</u>

pursuant to the United States Sentencing Guidelines; (b) the ground that the

sentence exceeds the statutory maximum penalty; or (c) the ground that the

sentence violates the Eighth Amendment to the Constitution; provided, however,

that if the government exercises its right to appeal the sentence imposed, as

Defendant's Initials  JEBB       15

authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law,

Defendant's Initials _JEBB_              16

and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

10.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth

Defendant's Initials  JEBB          17

below are true, and were this case to go to trial, the United States would be able

to prove those specific facts and others beyond a reasonable doubt:

FACTS

From as early as the end of 2008, and continuing until August

2009, Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez, and Jose

Lopesierra-Gutierrez hired organizers responsible for transporting multi-ton

shipments of cocaine from Colombia destined for the United States and Europe

by maritime vessels traveling in international waters on board vessels subject to

the jurisdiction of the United States.

The evidence against Diego Rodolfo Baez-Baez, Jacinto Enrique

Baez-Baez, and Jose Lopesierra-Gutierrez includes, but is not limited to: (i)

first-hand testimony of cooperating witnesses who participated in the charged

conspiracy; (ii) judicially-authorized wire intercepts; and (iii) seizures and/or

destruction of cocaine and/or cocaine proceeds traced to the conspiracy. In the

course of the conspiracy, cooperating witnesses described specific

conversations and transactions conducted with Diego Rodolfo Baez-Baez,

Jacinto Enrique Baez-Baez, and Jose Fernando Lopesierra-Gutierrez in which

they discussed and participated in facilitating maritime drug smuggling

operations. Information provided by these cooperating witnesses has been

corroborated and verified by multiple sources of information and telephone

Defendant's Initials _JEBB_          18

conversations from  judicially-authorized wire intercepts of Diego Rodolfo Baez-Baez and Jacinto Enrique Baez-Baez.

Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez and Jose Fernando Lopesierra-Gutierrez hired individuals to organize trips to transport multi-ton loads of cocaine on go-fast vessels departing the north coast of Colombia for Central America or Europe.  All of the maritime transportation routes required the smuggling vessels to travel in international waters at some point in the venture.  These transportation organizers received instructions from Diego Baez-Baez, Jacinto Baez-Baez and Jose Lopesierra-Gutierrez concerning the organization, facilitation and execution of these maritime cocaine ventures.

On April 25, 2009, a U.S. Coast Guard helicopter pursued a stateless go-fast vessel in international waters that jettisoned approximately 1,650 kilograms of cocaine.  The go-fast vessel and crew evaded capture and the U.S. Coast Guard was unable to retrieve the disposed cocaine, but video recorded the pursuit.  Diego Baez-Baez borrowed cocaine from Jacinto Baez-Baez for this venture and requested it be transported by several cooperating witnesses.  Jose Lopesierra-Gutierrez received payment as a broker for the attempted smuggling venture.  Cooperating witnesses described how, as a result of the lost cocaine, Jose Lopesierra-Gutierrez took them to his apartment to explain how the cocaine was lost.  Jose Lopesierra-Gutierrez later took the cooperating witnesses to the business of Diego Baez-Baez and Jacinto Baez-Baez to explain why they

Defendant's Initials  JEBB                    19

disposed of the cocaine (pursuit by the Coast Guard) and prove they did not steal the cocaine by showing a news clip from Colombian television.

On July 16, 2009, the U.S. Coast Guard interdicted a stateless go-fast vessel in international waters with 713 kilograms of cocaine on board. Diego Baez-Baez lent some of the cocaine to Jacinto Baez-Baez and hired several cooperating witnesses to transport the cocaine by go-fast vessel. 113 kilograms of the seized cocaine was supplied by Jose Lopesierra-Gutierrez. Approximately 20 judicially-authorized telephone calls were intercepted between Diego Baez-Baez and Jacinto Baez-Baez discussing the venture prior to the seizure. The final intercepted telephone call recorded Diego Baez-Baez advising Jacinto Baez-Baez that the crew was arrested and taken to Tampa, Florida.

On August 19, 2009, the U.S. Coast Guard interdicted a go-fast vessel in international waters with 940 kilograms of cocaine on board. The cocaine belonged to Diego Baez-Baez, although he often shared the cocaine loads with his brother, Jacinto Baez-Baez. Because the go-fast vessel was registered in Venezuela, the vessel, cocaine and two Venezuelan citizens were returned to the Government of Venezuela. The Government of Venezuela waived jurisdiction over a 10 kilogram sample of the seized cocaine and a Colombian national crew member for prosecution in the Middle District of Florida. There are approximately 15 judicially authorized intercepted telephone calls between Diego Baez-Baez and a cooperating witness discussing events leading up to the interdiction.

Defendant's Initials JEBB                    20

The defendant was apprehended in Colombia and extradited to the United States, with the Middle District of Florida being the point of entry.

11.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

12.    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___5th___ day of ___AUGUST___, 2013.

A. LEE BENTLEY III
Acting United States Attorney

JACINTO ENRIQUE BAEZ-BAEZ
Defendant

By: _____
JOSEPH K. RUDDY
Assistant United States Attorney
Chief, Narcotics Section

JEFFREY G. BROWN, ESQ.
Attorney for Defendant

RACHELLE DESVAUX BEDKE
Assistant United States Attorney
Chief, Criminal Division (South)

L:\_Criminal Cases\B\Baez-Baez, Diego Rodolfo_2010R02222_JKR\p_plea agreement_Jacinto Baez.wpd

21