## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.

CASE NO: 8:10-CR-402-T-35TBM

JOSE FERNANDO LOPESIERRA-GUTIERREZ

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.
Lee Bentley, III, United States Attorney for the Middle District of Florida, and the
defendant, JOSE FERNANDO LOPESIERRA-GUTIERREZ, and the attorney for
the defendant, Linda George, Esq., mutually agree as follows:

### A. Particularized Terms

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Two of the
Indictment. Count Two charges the defendant with conspiracy to possess with
intent to distribute five (5) kilograms or more of cocaine while on board a vessel
subject to the jurisdiction of the United States, in violation of 46 U.S.C.
§ 70503(a) and 70506(a) and (b), and Title 21, United States Code, Section
960(b)(1)(B)(ii).

2. Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of
imprisonment of 10 Years up to Life, a fine of $10,000,000, a term of supervised

Defendant's Initials _____

release of at least 5 years, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3   Apprendi v. New Jersey

Under Apprendi v. New Jersey, 530 U.S. 466 (2000), a maximum sentence of Life imprisonment may be imposed because the following facts have been admitted by the defendant and are established by this plea of guilty

The defendant knowingly joined in a conspiracy involving five or more kilograms of cocaine

4   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are

First      that two or more persons in some way or manner
           came to a mutual understanding to try to accomplish
           a common and unlawful plan, as charged in the
           indictment and

Second     that the Defendant, knowing the unlawful purpose of
           the plan, willfully joined in it

Defendant s Initials                              2

5.    Counts Dismissed

At the time of sentencing, the remaining count(s) against the
defendant Count One, will be dismissed pursuant to Fed. R. Crim. P.
11(c)(1)(A).

6.    No Further Charges

If the Court accepts this plea agreement, the United States
Attorney's Office for the Middle District of Florida agrees not to charge defendant
with committing any other federal criminal offenses known to the United States
Attorney's Office at the time of the execution of this agreement related to the
conduct giving rise to this plea agreement.

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will
recommend to the Court that the defendant be sentenced within the defendant's
applicable guidelines range as determined by the Court pursuant to the United
States Sentencing Guidelines, as adjusted by any departure the United States
has agreed to recommend in this plea agreement. The parties understand that
such a recommendation is not binding on the Court and that if it is not accepted
by this Court, neither the United States nor the defendant will be allowed to
withdraw from the plea agreement and the defendant will not be allowed to
withdraw from the plea of guilty

Defendant's Initials _____    3

8    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1 1(a) The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court the defendant will not be allowed to withdraw from the plea

Further at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1 1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4, the United States agrees to file a motion pursuant to USSG §3E1 1(b) for a downward adjustment of one additional level The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination whether by appeal, collateral attack, or otherwise

9    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted

Defendant's Initials _____    4

the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea

10    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11.    Cooperation Ongoing - Substantial Assistance Motion to be Filed

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. Based on the cooperation provided, at the time of sentencing, the government will file a motion for a departure from the applicable sentencing guideline range.

Defendant s Initials _____    5

pursuant to USSG §5K1.1 recommending that the defendant receive a downward departure the amount of the departure to be determined at the time of sentencing, for providing substantial assistance to the government in the investigation and prosecution of another person who has committed an offense If additional cooperation is provided subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed R Crim P 35(b) In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal collateral attack or otherwise

12    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However the defendant understands that the government can make no representation that the

Defendant's Initials _____        6

Court will impose a lesser sentence solely on account of, or in consideration of such cooperation

        b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply

        (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice

        (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement With regard to such charges, if any, which have been dismissed the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the

Defendant's Initials                7

indictment of a grand jury, does hereby agree to reinstatement of such charges
by recision of any order dismissing them or, alternatively, does hereby waive, in
open court, prosecution by indictment and consents that the United States may
proceed by information instead of by indictment with regard to any felony charges
which may be dismissed in the instant case, pursuant to this plea agreement,
and the defendant further agrees to waive the statute of limitations and any
speedy trial claims on such charges.

    (3)    The United States may prosecute the defendant for
any offenses set forth herein, if any, the prosecution of which in accordance with
this agreement, the United States agrees to forego, and the defendant agrees to
waive the statute of limitations and any speedy trial claims as to any such
offenses.

    (4)    The government may use against the defendant the
defendant's own admissions and statements and the information and books,
papers, documents, and objects that the defendant has furnished in the course of
the defendant's cooperation with the government.

    (5)    The defendant will not be permitted to withdraw the
guilty pleas to those counts to which defendant hereby agrees to plead in the
instant case but, in that event, defendant will be entitled to the sentencing
limitations, if any, set forth in this plea agreement, with regard to those counts to
which the defendant has pled; or in the alternative, at the option of the United

Defendant's Initials               8

States. the United States may move the Court to declare this entire plea agreement null and void

      13    Forfeiture of Assets

      The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture. pursuant to 46 U.S.C. § 70507. 21 U.S.C. § 881(a), and 28 U.S.C. § 2461(c). whether in the possession or control of the United States. the defendant or defendant's nominees.

      The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional. statutory and procedural challenges in any manner (including direct appeal. habeas corpus. or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds. including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument. addressed by the Court at the time of the guilty plea. announced at sentencing. or incorporated into the judgment

      The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32 2(b)(1)(A). the United States and the defendant request that at the time of accepting this plea agreement. the Court make a determination that the

Defendant s Initials _____      9

government has established the requisite nexus between the property subject to forfeiture and the offense to which defendant is pleading guilty and enter a preliminary order of forfeiture  Pursuant to Rule 32.2(b)(4). the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment. the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end. the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant  and to consent to the release of the defendant's tax returns for the previous five years The defendant agrees to be interviewed by the government. prior to and after sentencing, regarding such assets and their connection to criminal conduct  The defendant further agrees to be polygraphed on the issue of assets. if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

Defendant s Initials _____    10

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets. these steps include. but are not limited to, the surrender of title, the signing of a consent decree of forfeiture. and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence: has been transferred or sold to, or deposited with. a third party; has been placed beyond the jurisdiction of the Court. has been substantially diminished in value. or has been commingled with other property which cannot be divided without difficulty then the United States shall. at its option. be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above The Court shall retain jurisdiction to settle any disputes arising from application of this clause The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine restitution, cost of imprisonment or any other penalty the Court may impose upon the defendant in addition to forfeiture

Defendant's Initials _____                11

## B.  Standard Terms and Conditions

### 1   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013.

The special assessment is due on the date of sentencing   The defendant understands that this agreement imposes no limitation as to fine

### 2   Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release

Defendant's Initials _____           12

upon release from imprisonment, and that, if the defendant should violate the conditions of release the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case. subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit

Defendant's Initials _____ 13

reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report

Defendant's Initials _____    14

prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, (b) the ground that the sentence exceeds the statutory maximum penalty, or (c) the ground that the sentence

Defendant's Initials _____    15

violates the Eighth Amendment to the Constitution, provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested

9    Filing of Agreement

This agreement shall be presented to the Court. in open court or in camera, in whole or in part upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force intimidation, or coercion of any kind  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is

Defendant's Initials                16

pleading guilty and the elements thereof, including the penalties provided by law,

and defendant's complete satisfaction with the representation and advice

received from defendant's undersigned counsel (if any). The defendant also

understands that defendant has the right to plead not guilty or to persist in that

plea if it has already been made, and that defendant has the right to be tried by a

jury with the assistance of counsel, the right to confront and cross-examine the

witnesses against defendant, the right against compulsory self-incrimination, and

the right to compulsory process for the attendance of witnesses to testify in

defendant's defense, but, by pleading guilty, defendant waives or gives up those

rights and there will be no trial. The defendant further understands that if

defendant pleads guilty, the Court may ask defendant questions about the

offense or offenses to which defendant pleaded, and if defendant answers those

questions under oath, on the record, and in the presence of counsel (if any),

defendant's answers may later be used against defendant in a prosecution for

perjury or false statement. The defendant also understands that defendant will

be adjudicated guilty of the offenses to which defendant has pleaded and, if any

of such offenses are felonies, may thereby be deprived of certain rights such as

the right to vote, to hold public office, to serve on a jury, or to have possession of

firearms.

    11   <u>Factual Basis</u>

        Defendant is pleading guilty because defendant is in fact guilty

The defendant certifies that defendant does hereby admit that the facts set forth

below are true and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

## FACTS

From as early as the end of 2008, and continuing until August 2009, Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez, and Jose Fernando Lopesierra-Gutierrez hired organizers responsible for transporting multi-ton shipments of cocaine from Colombia destined for the United States and Europe by maritime vessels traveling in international waters on board vessels subject to the jurisdiction of the United States.

The evidence against Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez, and Jose Fernando Lopesierra-Gutierrez includes, but is not limited to (i) first-hand testimony of cooperating witnesses who participated in the charged conspiracy, (ii) judicially authorized wire intercepts, and (iii) seizures and/or destruction of cocaine and/or cocaine proceeds traced to the conspiracy. In the course of the conspiracy, cooperating witnesses described specific conversations and transactions conducted with Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez, and Jose Fernando Lopesierra-Gutierrez in which they discussed and participated in facilitating maritime drug smuggling operations. Information provided by these cooperating witnesses has been corroborated and verified by multiple sources of information and telephone conversations from judicially-authorized wire intercepts of Diego Rodolfo Baez-Baez and Jacinto Enrique Baez-Baez.

Defendant's Initials _____        18

Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez, and Jose Fernando Lopesierra-Gutierrez hired individuals to organize trips to transport multi-ton loads of cocaine on go-fast vessels departing the north coast of Colombia for Central America or Europe. All of the maritime transportation routes required the smuggling vessels to travel in international waters at some point in the venture. These transportation organizers received instructions from Diego Rodolfo Baez-Baez, Jacinto Enrique Baez-Baez and Jose Fernando Lopesierra-Gutierrez concerning the organization, facilitation and execution of these maritime cocaine ventures.

On April 25, 2009, a U.S. Coast Guard helicopter pursued a stateless go-fast vessel in international waters that jettisoned approximately 1,650 kilograms of cocaine. The go-fast vessel and crew evaded capture and the U.S. Coast Guard was unable to retrieve the disposed cocaine, but video recorded the pursuit. Diego Rodolfo Baez-Baez borrowed cocaine from Jacinto Baez-Baez for this venture and requested it be transported by several cooperating witnesses. Jose Fernando Lopesierra-Gutierrez received payment as a broker for the attempted smuggling venture. Cooperating witnesses described how, because of the lost cocaine, Jose Fernando Lopesierra-Gutierrez took them to his apartment to explain how the cocaine was lost. Jose Fernando Lopesierra-Gutierrez later took the cooperating witnesses to the business of Diego Rodolfo Baez-Baez and Jacinto Enrique Baez-Baez to explain why they disposed of the

Defendant's Initials _____    19

cocaine (pursuit by the Coast Guard) and prove they did not steal the cocaine by showing a news clip from Colombian television.

On July 16, 2009, the U.S. Coast Guard interdicted a stateless go-fast vessel in international waters with 713 kilograms of cocaine on board. Diego Rodolfo Baez-Baez lent some of the cocaine to Jacinto Enrique Baez-Baez and hired several cooperating witnesses to transport the cocaine by go-fast vessel. One hundred and thirteen (113) kilograms of the seized cocaine was acquired by Jose Fernando Lopesierra-Gutierrez with money provided by Jacinto Enrique Baez-Baez. Approximately 20 judicially-authorized telephone calls were intercepted between Diego Rodolfo Baez-Baez and Jacinto Enrique Baez-Baez during which they discussed the venture prior to the seizure. The final intercepted telephone call recorded Diego Rodolfo Baez-Baez advising Jacinto Enrique Baez-Baez that the crew was arrested and taken to Tampa, Florida.

On August 19, 2009, the U.S. Coast Guard interdicted a go-fast vessel in international waters with 940 kilograms of cocaine on board. The cocaine belonged to Diego Rodolfo Baez-Baez although he often shared the cocaine loads with his brother, Jacinto Enrique Baez-Baez. Because the go-fast vessel was registered in Venezuela, the vessel, cocaine and two Venezuelan citizens were returned to the Government of Venezuela. The Government of Venezuela waived jurisdiction over a 10 kilogram sample of the seized cocaine and a Colombian national crew member for prosecution in the Middle District of Florida. There are approximately 15 judicially authorized intercepted telephone

Defendant's Initials _____     20

calls between Diego Rodolfo Baez Baez and a cooperating witness discussing events leading up to the interdiction.

The defendant was apprehended in Colombia and extradited to the United States with the Middle District of Florida being the point of entry.

12    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13    Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 8th day of September, 2014

A. LEE BENTLEY, III
United States Attorney

JOSE F. LOPESIERRA GUTIERREZ
Defendant

JOSEPH K. RUDDY
Assistant United States Attorney

LINDA GEORGE
Attorney for Defendant

RACHELLE DESVAUX BEDKE
Assistant United States Attorney
Chief, Criminal Division (South)